■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENITO SHORTRIDGE, Appellant. [744 NYS2d 2] —Judgment,

Supreme Court, New York County (Budd Goodman, J.), rendered December 22, 1999, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, and sentencing him to concurrent terms of 15 years to life and 1 to 3 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. In an area known for automobile-related crimes, the police observed defendant, who was not accompanied by a child, removing a child seat from an Acura. They also reasonably concluded from defendant's disheveled appearance that he was a homeless person, and not merely an untidy dresser, and that it was therefore unlikely for him to have legitimate access to a car, let alone an expensive one. Accordingly, the police had a founded suspicion of criminality, permitting them to make a common-law inquiry concerning the ownership of the car (*see, People v Hollman,* 79 NY2d 181, 185, 193). Furthermore, the police were permitted to continue this level-two inquiry in light of the contradictory information they acquired in their attempt to confirm the ownership of the vehicle, and during this limited inquiry defendant dropped a bag containing drugs, plainly visible, to the ground. The record does not support a finding that the police went beyond a level-two inquiry.

Defendant's challenge to the court's *Allen* charge (*Allen v United States,* 164 US 492) is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the charge was not coercive and properly encouraged the jurors to continue their deliberations in an attempt to reach a verdict (*see, People v Alvarez,* 86 NY2d 761). Concur—Nardelli, J.P., Saxe, Buckley, Sullivan and Gonzalez, JJ.